The opinion of the court was delivered by
McEnery, J.
This is an application for a writ of certiorari and prohibition.-
The relators were sued before the respondent justice of the peace under the provisions of Act No. 112 of 1880, for failure to perform road duty.
An exception was flled*to the jurisdiction of the magistrate’s court, which was overruled. The defendants pleaded to the merits, and there was judgment against them for $6.
This case was before us on appeal at the Opelousas term of this court. The appeal was dismissed; as there was no fine, forfeiture or penalty, the constitutionality of which was involved, imposed by a municipal corporation.
In the present proceeding the supervisory jurisdiction of this court over inferior tribunals is invoked to arrest the issuing of an execution on the judgment, on the ground that the proceedings of said justice of the peace were null and void and irregular, being in violation of Article 536, O. P.; and that said justice exceeded his jurisdiction, and that the Act No. 112 of 1880 is unconstitutional, as it violates Article 126 of the Constitution of 1879.
The act complained of conferred jurisdiction omthe justice of the peace to entertain the suit in which judgment was'rendered against relators. It is not alleged that the justice exceeded the jurisdiction conferred upon him by said act. The justice acted within the juris *1191 diction conferred by Act No. 112 of 1880. There was no irregularity in the proceedings, of such fatal character as to invite the supervisory jurisdiction of this court.
This court, in the exercise of its supervisory jurisdiction, will not, when the inferior court had jurisdiction of the suit, and the proceedings were regular, go behind them and review the judgment rendered by the inferior tribunal.
We axe without authority therefore to determine the constitutional question raised by relators.
It is therefore ordered that the rule granted herein be discharged, and the relief prayed for be denied. State ex rel. Wood & Bro. vs. Judge, 38 An. 921; 38 An. 377; State ex rel. Patton vs. Houston, Judge, 40 An. 393; State ex rel. Boncree vs. Judge, 42 An. —, recently decided.